UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 11601 NG

| | |
|---|---|
| JEAN PATRICK VOLTAIRE )<br>Petitioner )<br> )<br>v. )<br> )<br> )<br>BRUCE CHADBOURNE )<br>Respondent ) | PETITION FOR HABEAS CORPUS<br>RECEIPT # 57388<br>AMOUNT $ <br>SUMMONS ISSUED N/A<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY\CLK.<br>DATE |

MAGISTRATE JUDGE Alexander

Now comes the Petitioner:

1. The Petitioner, Jean Patrick Voltaire, is a resident of Massachusetts and is presently in the custody of the Immigration and Custom Enforcement. Petitioner was being held at the Suffolk County Corrections (South Bay), Boston, Massachusetts, but counsel has been informed that he has been moved to the Donald Wyatt Detention Facility in Central Falls, Rhode Island temporarily due to the Democratic National Convention being held in Boston.

2. The Respondent, Bruce Chadbourne, is the Director for the U.S. Immigration and Custom Enforcement, District of Boston..

### JURISDICTION

3. Jurisdiction is granted to this United States District Court pursuant to 28 U.S.C. §2241, a writ of habeas corpus can extend to a prisoner who is in custody "in violation of the constitution or laws or treaties of the United States." 28 U.S.C. §2241(C)(3); Oliva v. INS, 1999 WL 61818 (2nd Cir. 1999).

### SUMMARY OF ISSUE

4. Whether the US Immigration and Custom Enforcement can continue to detain Petitioner, beyond the removal period where there is no significant likelihood of removal in the reasonably foreseeable future.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

5. Petitioner, Jean Patrick Voltaire, is a native and citizen of Haiti. He entered the United States on or about August 1, 1981 as a visitor and adjusted his status to that of a Lawful Permanent Resident on January 1, 1984.

6. On January 26, 1998 Petitioner was convicted of three counts of Larceny over $250.00 and three counts of unemployment Fraud and sentenced to 2 and one-half years suspended sentence and three years probation.

7. Petitioner was personally served with a Notice to Appear on November 18, 2000. The Notice to Appear charged Petitioner with removability under section 237(a)(2)(A) of the Immigration and Nationality Act, 8 U.S.C. §1227(a)(2)(A) as an alleged aggravated felon

8. Petitioner was ordered removed by the Immigration Judge on August 19, 2002 and the Immigration Judge's decision was affirmed without opinion by the Board of Immigration Appeals on December 2, 2003.

9. Petitioner has been detained by Immigration and Customs Enforcement (ICE) since March 31, 2004.

## ANALYSIS

10. Petitioner hereby Moves this Honorable Court to Grant his request for Habeas Relief and order his release from detention where there is no significant likelihood of removal in the reasonably foreseeable future.

11. Petitioner contends that he has been detained beyond the "period reasonably necessary to accomplish [his] removal from the United States" and that his continued detention is a violation of due process because there is no significant likelihood of removal in the reasonably foreseeable future. Zadvydas v. INS, 533 U.S. 678 (2001).

12. The Attorney General is authorized by statute to detain an alien who is removable for a removal period of 90 days and to detain an alien who is removable under 8 U.S.C. §1227(a)(2)(A), INA §237(a)(2)(A) beyond the 90 day removal period. 8 U.S.C. § 1231(a). However, the Supreme Court has held that the Constitution requires that an alien's post-removal period detention be limited to the "period reasonably necessary to bring about the alien's removal from the United States. Zadvydas, 533 U.S. at 689. Furthermore, the Zadvydas court held that an alien for whom there is no significant likelihood of removal in the reasonably foreseeable future must be released from custody. See Id. at 701.

13. Petitioner has been found removable under 8 U.S.C. §1227(a)(2)(A), INA §237(a)(2)(A). The Removal Period for Petitioner's case ran from December 2, 2003 until February 29, 2004. Petitioner was not even detained by ICE until March 31, 3004, 31 days beyond the removal period. Petitioner has now been detained for more than three months.

14. During that period, the Department of Homeland Security (DHS) has endeavored to procure travel papers for Petitioner and remove him from the United States. DHS has, for over seven months, been unable to obtain the necessary paperwork and remove Petitioner. Petitioner has cooperated in every way requested with DHS' attempts to procure him travel documents. No detention reviews have been held pursuant to 8 C.F.R. §241.4.

15. Currently, Haiti is not permitting the United States to return Haitian citizens to Haiti. Because there is no reason to believe that travel papers will be obtained for Petitioner in the reasonably foreseeable future, Petitioner should be released from detention. See Id.

16. Petitioner meets the criteria for release, and does not pose a significant flight risk. See 8 C.F.R. §241.4(e).

Respectfully Submitted,
Jean Patrick Voltaire
the Petitioner
By his Attorney

Date: 7-16-04

Stephen A. Lagana, Esq.
Lagana & Associates
145 Essex Street
Lawrence, MA 01840
978-794-2331
BBO#: 565811

## CERTIFICATE OF SERVICE

I, Stephen A. Lagana, Counsel for the Respondent, hereby certify that on this date I have mailed, by first class mail, a copy of the enclosed Petition for Habeas Corpus to:

Frank Crowley, Esq.
Special Assistant U. S. Attorney
Office of the U.S. Attorney
Department of Homeland Security
P.O. Box 8728
Boston, MA 02114

Jeremy M. Sternberg, Esq.
Office of Immigration Litigation
Civil Division
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

Bruce Chadbourne
Department of Immigration and Custom Enforcement
JFK Federal Building, Room 1725
15 New Sudbury street
Boston, MA 02203

_____
Stephen A. Lagana, Esq.

7-16-04
Date

**LAGANA & ASSOCIATES**
ATTORNEYS AT LAW
145 ESSEX STREET
LAWRENCE, MA 01841
TEL. (978) 794-2331
FAX: (978) 794-2441

July 16, 2004

VIA FEDEX

Office of the Docket Clerk
United States District Court
for the District of Massachusetts
1 U.S. Courthouse Way
Boston, MA 02210

**RE:   Jean Patrick Voltaire v. Bruce Chadbourne**

Dear Sir/Madam:

     Enclosed for filing, please find Petitioner's Petition for Habeas Corpus along with the filing fee of $5.00 (Check no. 1227). Copies have been served upon Respondent Counsels as indicated in the Certificate of Service.

Sincerely,

*Stephen A. Lagana*
Stephen A. Lagana, Esq.
Lagana & Associates

SAL/ja
Enclosures